UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DONNAIL A. PATTERSON, | Case No. 2:24-cv-02332-CDS-MDC |
|---|---|
| Plaintiff | **ORDER** |
| v. | |
| STATE OF NEVADA, | |
| Defendant | |

On December 13, 2024, pro se plaintiff Donnail A. Patterson, an inmate in the custody of the Clark County Detention Center, filed an application to proceed *in forma pauperis* and an affidavit. (ECF Nos. 1, 1-1). There are a couple of errors with Plaintiff's filing. First, Plaintiff did not pay the full $405 filing fee for this matter or file a complete application to proceed *in forma pauperis*. (*See* ECF No. 1). Plaintiff's application is incomplete because he did not submit a complete financial certificate and a jail trust fund account statement for the previous six-month period. Second, Plaintiff did not submit a complaint.

**I.   DISCUSSION**

   **A.   Filing Fee**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is

properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

### B.   Complaint Form

Under the local rules, a pro se plaintiff must file a civil rights complaint on the form provided by this Court or it must be legible and contain substantially all the information called for by the Court's form. *See* Nev. Loc. R. Prac. LSR 2-1. Plaintiff must file a complaint.

## II.   CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as incomplete.

It is further ordered that Plaintiff has **until January 17, 2025**, to accomplish the following two items:

1)   File a complaint using the correct form for federal court.

2)   Either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three of the following required documents:

(i) a completed application with the inmate's two signatures on page 3,

(ii) a completed financial certificate that is signed both by the inmate and the prison or jail official, and

(iii) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff: (1) this Court's approved 42 U.S.C. § 1983 complaint form with instructions, and (2) this Court's approved form application to proceed *in forma pauperis* for an inmate with instructions.

DATED: December 20, 2024

_____
UNITED STATES MAGISTRATE JUDGE